UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:21-cv-191

| | |
|---|---|
| DANIEL RUFTY LEGAL, PLLC, d/b/a Carolina Legal Services,<br><br>    Plaintiff,<br><br>v.<br><br>JASON BLUST, LAW OFFICE OF JASON BLUST, LLC, LIT DEF STRATEGIES, LLC, and RELIALIT, LLC,<br><br>    Defendants. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS** |

**Introduction**

Defendants' motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim misunderstand and misstate the nature of that claims that Plaintiff Daniel Rufty Legal, PLLC d/b/a Carolina Legal Services ("Carolina Legal") alleges in its Complaint. Carolina Legal has standing to bring those claims because they arose from Carolina Legal's own injuries and from injuries to its managing member. The Court has personal jurisdiction over Defendants by virtue of their numerous contacts with North Carolina and the misconduct alleged here, which involved Defendants' intentionally targeting and victimizing lawyers and consumers within North Carolina. Finally, the Complaint states a claim as to breach of contract, unjust enrichment, and negligence. For these reasons, the Court should deny Defendants' motions.[1]

---

[1] Plaintiff intends to file a motion for leave to amend the Complaint to include additional allegations and claims against Defendants and to add Daniel Rufty as a party plaintiff. Plaintiff has prepared its proposed amended complaint and has sent, the same date as this memorandum, a

**Argument**

I.    CAROLINA LEGAL HAS STANDING.

Defendants argue that the Court lacks subject matter jurisdiction because Carolina Legal lacks standing pursuant to Article III of the United States Constitution.

Organizations have Article III standing under either of two theories. First, an organization "may have standing in its own right to seek judicial relief from injury to itself." Maryland Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1250 (4th Cir. 1991). Second, the organization "may have standing as the representative of its members who have been harmed." Id. The Complaint demonstrates that Carolina Legal has standing independent of Daniel Rufty to assert the claims alleged in the Complaint.

When an organizational plaintiff asserts standing based on its own injury, the Article III analysis requires that the party "demonstrate that it has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Maryland Shall Issue, Inc. v. Hogan, 971 F.3d 199, 210 (2020)(punctuation omitted). "Financial harm is a classic and paradigmatic form of injury in fact." Id. (punctuation omitted). "Lost business opportunities also satisfy this requirement." Id. at 211.

Carolina Legal has standing under this first theory because Carolina Legal itself was injured by the disciplinary proceedings. The $1 million payment to a trustee came from Carolina Legal's own funds. (Compl. ¶¶ 27, 30). Defendants' argument also fails to account for the

---

copy of the proposed amended complaint to Defendants' counsel to inquire as to whether Defendants will consent to the amendment. Plaintiff intends to file its motion for leave to amend as soon as possible after hearing back from Defendants' counsel. Plaintiff respectfully requests that the Court consider and rule on Plaintiff's motion for leave to amend prior to entering any order on Defendants' motions to dismiss since, if the Court grants Plaintiff's leave, that will moot Defendants' motions.

common-sense reality that a public disciplinary proceeding against the owner, manager, and sole practitioner in a professional limited liability company, which results in that practitioner's inability to practice that profession due to suspension, will inevitably cause loss of business opportunities, loss of revenues, and injury to the company itself. Finally, in focusing solely on the Commission's proceedings, Defendants' argument ignores allegations regarding the hundreds of thousands of dollars that Defendants siphoned from Carolina Legal from 2019 to 2020. (Compl. ¶ 27).

Defendants argue that Carolina Legal cannot assert standing based on its own injury because the injuries suffered are not "fairly traceable" to their conduct. "An injury is traceable if there is a causal connection between the injury and the conduct complained of by the plaintiff." Hogan, 971 F.3d at 212. Defendants' motion to dismiss quotes Air Evac EMS, Inc. v. Cheatham, but leaves out an important qualifying clause: "*While the defendant's conduct need not be the last link in the causal chain,* the plaintiff must be able to demonstrate that the alleged harm was caused by the defendant, as opposed to the independent action of some third party not before the court." Air Evac EMS, Inc. v. Cheatham, 910 F. 3d 751, 760 (4th Cir. 2018) (*emphasis added*).

Carolina Legal's injuries lay at the end of an unbroken chain linking directly back to Defendants' conduct. Defendants themselves took hundreds of thousands of dollars from Carolina Legal in unearned services. With respect to damages related to the N.C. State Bar proceedings, those damages link straight back to Defendants' failure to perform the services they represented that they would perform. To assert that Carolina Legal cannot recover because Rufty failed to comply with the Rules of Professional Conduct merely begs the question: it fails to consider *why* Rufty failed to comply with these rules. Rufty's noncompliance was directly caused by Defendants' misrepresentations and failure to perform services in accordance with their promises.

For these reasons, Carolina Legal has standing—it was injured by Defendants' conduct, and is entitled to redress those injuries through the claims asserted in this lawsuit. The Court should, therefore, deny Defendants' motion to dismiss for lack of subject matter jurisdiction.

## II. THE COURT HAS PERSONAL JURISDICTION OVER ALL DEFENDANTS.

The Fourth Circuit has formulated a three-part test to determine whether personal jurisdiction exists, considering "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

Under the "purposeful availment" prong, courts "have considered various nonexclusive factors in seeking to resolve whether a defendant has engaged in such purposeful availment." Id. In analyzing whether personal jurisdiction exists by way of a defendant's conducting business in the forum, these nonexclusive factors include:

- "whether the defendant reached into the forum state to solicit or initiate business …
- "whether the defendant deliberately engaged in significant or long-term business activities in the forum state, …
- "whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship, …[and]
- "whether the performance of contractual duties was to occur within the forum."

Id.

As set forth in the complaint, Defendants made concerted and deliberate efforts to initiate business in North Carolina. Indeed, Defendants had an even larger role in the creation of Carolina Legal than Rufty or Carolina Legal itself. Blust initiated the formation of MSW, Carolina Legal's predecessor, in North Carolina. Blust selected all of Carolina

Legal's vendors, who were to perform services including marketing, sales, and administrative support within North Carolina.  Blust initiated a conversation with Wood, a North Carolina resident.  Blust facilitated the transfer of operations to Rufty, another North Carolina resident.  Defendants billed hundreds of thousands of dollars to Carolina Legal between 2019-2020.  Lit Def and Relialit charged for services that they were supposed to provide to all of Carolina Legal's clients in North Carolina whose cases had progressed to litigation in North Carolina courts.  All Defendants' duties were to be performed in relation to Carolina Legal, its North Carolina-based clients, and legal services provided in North Carolina.

Defendants appear to argue that they must have been physically present in North Carolina when they committed the complained-of acts.  This is simply not the law.  "So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, [the Supreme Court has] consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."  Burger King Corp. v. Rudzeicz, 471 U.S. 462, 476 (1985).  Blust and his companies initiated relationships with Carolina Legal, a company Blust himself organized and established in North Carolina, to provide support services related to the legal representation of thousands of North Carolina clients, whose cases were to be litigated in North Carolina courts.

For these reasons, Defendants have minimum contacts with this forum that permit the Court's exercise of specific *in personam* jurisdiction over them.  The Court should, therefore, deny Defendants' motion to dismiss for lack of personal jurisdiction.

III.     THE COMPLAINT STATES A CLAIM ON ALL COUNTS.

   A. **The Complaint Sufficiently Alleges Breach of Contract.**

"A contract must be sufficiently definite in order that a court may enforce it." Brooks v. Hackney, 329 N.C. 166 (1991). However, a contract "need not definitely and specifically contain in detail every fact to which the parties are agreeing." Sides v. Tidwell, 216 N.C. 480 (1939); see also Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., 505 F. Supp. 3d 570 (M.D.N.C. 2020).

Further, a contract "encompasses not only its express provisions but also all such implied provisions as are necessary to effect the intention of the parties unless express terms prevent such inclusion." Lane v. Scarborough, 284 N.C. 407, at 410 (1973). The law will "supply in contracts what is presumed to have been inadvertently omitted or to have been deemed perfectly obvious by the parties, the parties being supposed to have made those stipulations which as honest, fair, and just men they ought to have made." Id. Similarly, contracts may be express or implied in fact. See Miles v. Carolina Forest Ass'n, 167 N.C. App. 28, 35-36 (2004); Ellis Jones, Inc. v. Western Waterproofing Co., 66 N.C. App. 641, 645 (1984). "An implied in fact contract is a genuine agreement between parties; its terms may not be expressed in words, or at least not fully in words." Miles, 167 N.C. App. at 36; Ellis Jones, 66 N.C. App. at 646.

The Complaint alleges two breached contracts: one between Carolina Legal and Blust, and the other between Carolina Legal and Relialit, Lit Def, and LOJB. The complaint alleges the subject matter of these contracts: that Blust was to provide consultation services with respect to the operation, administration and management of Carolina Legal, and that the other Defendants were to provide litigation support services.

It would have been "perfectly obvious" to Carolina Legal and Defendants that these services should be provided in a manner that did not cause Carolina Legal to engage in unlawful conduct, and which met a bare minimum level of timeliness and professionalism. The Original Complaint alleges that Carolina Legal paid Defendants for these services, and that the services were either not provided, or provided in a manner that any reasonable person would have seen as completely insufficient and unacceptable. The allegations are sufficiently definite to allow the Court to enforce the contracts. See, e.g., Ellis Jones, 66 N.C. App. at 646-47 (finding plaintiff's pleadings and evidence broad enough to support implied in fact contract where it described a contract "whereby plaintiff agreed to furnish material and to perform work and defendant agreed to pay plaintiff for the performance of his work.")(ellipsis omitted).

### B. The Complaint Sufficiently Alleges Negligence.

Defendants argue that the "economic loss" rule bars Carolina Legal's claims. But they fail to account for the nature of the relationship between Carolina Legal and Defendants alleged in the Complaint.

The "economic loss rule" originates in the products liability context" and has traditionally applied to the manufacture and sale of certain products or materials. See, e.g., 2000 Watermark Ass'n v. Celotex Corp., 784 F.2d 1183, 1185 (4th Cir. 1986); Crescent Univ. CityVenture, LLC v. AP Atl., Inc., 2019 NCBC LEXIS 49 (N.C. Superior Ct. Aug. 14, 2019). Assuming *arguendo* that the economic loss rule applies here at all, the Supreme Court of North Carolina has recognized four exceptions in which a promisor will be held "liable in a tort action for a personal injury or damage to property proximately caused by his negligent, or wilful, act or omission in the course of his performance of his contract."

- 7 -
Case 3:21-cv-00191-MOC-DCK   Document 21   Filed 07/30/21   Page 7 of 10

N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81 (1978), *rejected in part on other grounds*, Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230 (1985). The exceptions include where "the injury so caused was a wilful injury to or a conversion of the property of the promisee, which was the subject of the contract, by the promisor." Id.

Plaintiff's allegations fit within the exception for willful injury or conversion. The Complaint alleges that Defendants willfully injured Plaintiff by intentionally failing to provide services or providing services that Defendants knew were not in compliance with state laws and ethical rules pertaining to the provision of legal services. The Complaint also alleges that Defendants intentionally charged and collected fees from Plaintiff when Defendants knew or should have known they were not entitled to those fees. For these reasons, the Complaint states a claim for negligence.

Defendants also argue that they owed Carolina Legal no duty outside of the contractual relationship. But the Complaint alleges facts sufficient to show that Defendants had established a duty to Carolina Legal. Blust was directly involved in the founding and organization of Carolina Legal, acted as a consultant, established relationships with other fiduciaries including accountants, and otherwise acted as a *de facto* or *de jure* executive officer and manager of Carolina Legal.

Defendants also assert that Carolina Legal's conduct bars its claims. This portion of Defendants' motion again overlooks the question by failing to consider why Carolina Legal and Rufty became the targets of investigation—that is, directly because of Defendants' misrepresentations. The argument also posits facts that go outside of the complaint itself. The Court should reject it.

### C. The Statute of Limitations Does Not Bar Any Claims.

Defendants' motion claims that Plaintiff's breach of contract and unjust enrichment claims are barred by the 3-year statute of limitations, and thus that plaintiffs cannot recover for actions before that date. But, Plaintiff has alleged numerous breaches on the part of Defendants that occurred in 2019 and 2020. As a result, the statute of limitations does not bar Plaintiff's breach of contract claim.

### D. Carolina Legal Sufficiently Alleges Facts Supporting Punitive Damages.

In considering a motion for failure to state a claim under Rule 12(b)(6), the court must accept "all well-pleaded allegations in the plaintiff's complaint as true and draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." Edwards v. City of Goldsboro, 178 F.3d 231 (4th Cir. 1999). The question is not whether the complaint uses the "magic words" of "fraud," "malice," or "willful or wanton," but whether the alleged facts show that Defendants' conduct rose to that standard.

The Complaint included allegations of creating falsified and fraudulent bills, making false representations, and charging and billing for services never rendered. Such conduct meets the standard for punitive damages under Chapter 1D of the N.C. General Statutes. The Court should, therefore, deny Defendants' motion to dismiss for failure to state a claim.

### Conclusion

For the reasons stated above, the Complaint establishes that Carolina Legal has standing, the Court has jurisdiction, and that Carolina Legal's right to relief is plausible on its face. The Court should deny Defendants' motions.

Respectfully submitted, this 30th day of July, 2021.

**WEAVER, BENNETT & BLAND, P.A.**

/s/ Bo Caudill
Bo Caudill
NC Bar No. 45104
bcaudill@wbbatty.com
Matthew M. Villmer
NC Bar No. 48239
Walton H. Walker III
NC Bar No. 38573
196 N. Trade St.
Matthews, NC 28105
Tel: (704) 844-1400
Fax: (704) 845-1503
*Counsel for Plaintiff*